UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 13** |
| **DELILAH ANN MCCOY** | ) | **CASE: A18-69589-JWC** |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

2.

The plan as proposed will extend to seventy-one (71) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

3.

The Debtor has failed to provide to the Trustee a copy of the last tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

4.

The Debtor has failed to file tax returns with the Internal Revenue Service for the four (4) year period prior to filing in violation of 11 U.S.C. Section 1308.  (2017)

5.

The Trustee requests proof of Debtor's current income in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

6.

The Trustee requests proof of Debtor's $175.00 lease payment in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

7.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, Debtor's businesses are not currently earning income.

8.

After review of scheduled income and anticipated household expenses, Debtor's proposed budget may fail to provide sufficient funds for ordinary living expenses in possible violation of 11 U.S.C. Section 1325(a)(6).

9.

The Debtor has failed to provide copies of Cash Flow Reports, the Business Debtor Questionnaire and other documents requested in writing by the Trustee and due back on January 3, 2019, which may show lack of good faith and prevents the Trustee from determining the accuracy and veracity of the schedules. 11 U.S.C. Section 1325(a)(3), 11 U.S.C. Section 1325(a)(6), 11 U.S.C. Section 1325(b)(1)(B) and Bankruptcy Rule 1007.

10.

The Debtor is self-employed; however, Schedule J does not include an itemization for business expenses, thereby preventing the Trustee from evaluating feasibility in violation of 11 U.S.C. Section 1325(a)(6).

11.

Pursuant to testimony from the Meeting of Creditors or other information received by the Chapter 13 Trustee, it appears that Debtor has a pending or anticipated medical malpractice lawsuit. The Chapter 13 Petition and schedules fail to fully disclose this lawsuit or claim in violation of 11 U.S.C. Section 521 and Bankruptcy Rule 1007(h). Further, Schedule B does not fully disclose this matter, thereby preventing the Chapter 13 Trustee from evaluating whether any existing or anticipated proceeds exceed exemption limitations as set forth in O.C.G.A. Section 44-13-100.

12.

It appears that Kaplan/Lewkawski represents the Debtor in a pending or anticipated non-bankruptcy litigation. Said attorney has not been approved as special counsel by the Bankruptcy Court in violation of 11 U.S.C. Section 328, 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

13.

The plan fails to treat the secured claim of Georgia Department of Revenue in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

14.

The Chapter 13 plan proposes to pay $5,000.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 18th day of January, 2019.

Respectfully submitted,

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350

# CERTIFICATE OF SERVICE

Case No:  A18-69589-JWC

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
DELILAH ANN MCCOY
1117 ARBOR CROSSING DR
LITHONIA, GA  30058

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
SLIPAKOFF & SLOMKA, PC
se@myatllaw.com

This the 18th day of January, 2019.

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303